Mr. Justice Wylie
delivered the opinion of the court:
This was an action of assumpsit, in which the defendant pleaded the general issue.
At the trial the defendant gave evidence tending to show that one T. G. Korony was a member of the plaintiffs’ firm at the date of the contract. Plaintiffs gave evidence on the other side tending to show that said Korony was not a member of the firm at that time, but that Snyder and D’Estrada were the only persons who then composed that partnership. There was a conflict of testimony over that question.
Defendant’s counsel then ask the court to instruct the jury that if they found from the evidence that T. G-. Korony was a member of the firm from which the defendants ordered the goods, the plaintiffs cannot recover in this action.
To this prayer the court answered, and “instructed the jury that if they found that this debt was due to the plaintiffs they must find for the plaintiffs.” Defendants thereupon excepted to the instruction so given.
We think the instruction given was no answer to the prayer. The prayer presented a question of law, proper for the decision of the court. The answer of the court left the decision to the jury, which was error. For in actions ex contractu if it be shown at the trial that all the parties to the contract have not joined in the action of plaintiffs, the defendant may take advantage of the omission either by plea in abatement or as ground of nonsuit at the trial. 1 Chitty’s Pl., 13.
Judgment reversed and a new trial granted.